NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LANCE DEMETRIUS DUNBAR, *Appellant.*

No. 1 CA-CR 18-0360
FILED 8-15-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-005638-002
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Poster Law Firm, PLLC, Phoenix
By Rick D. Poster
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

_____

**W I N T H R O P**, Judge:

¶1             Lance Demetrius Dunbar ("Appellant") appeals his convictions and sentences for two counts of armed robbery and two counts of kidnapping.  This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Appellant's counsel has advised this court that he has found no arguable question of law and asks us to search the record for fundamental error.  Appellant was given an opportunity to file a supplemental brief *in propria persona*, which he has done.  Finding no error upon reviewing the record, we affirm Appellant's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2             We view the facts in the light most favorable to sustaining Appellant's convictions and resolve all reasonable inferences against Appellant.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3             On April 22, 2015, police impounded a car they suspected was used during the armed robbery of a liquor store.  The car was searched pursuant to a search warrant, and the search revealed evidence of the robbery.  The next day, Appellant's wife reported her car stolen, which was the impounded car.  After being confronted about the car's possible involvement with the robbery, Appellant's wife cooperated with the police.  This led to Appellant's arrest.  Appellant and two other men were indicted on two counts of armed robbery, each a class two felony, and two counts of kidnapping, each a class two felony.

¶4             Appellant was arraigned in April 2016 where he pled not guilty.  Between June 2016 and February 2018, Appellant's trial was continued several times due to: substitution of counsel; severance and re-joinder of the defendants; scheduling for interviewing witnesses; scheduling for an expert witness; and both defense counsel becoming ill.  After a nine-day trial in February 2018, Appellant was convicted on all four

counts.  The jury found four aggravating factors for count one and three aggravating factors for counts two, three, and four.

¶5            In May 2018, the court found several prior felony convictions and sentenced Appellant to aggravated concurrent sentences of twenty-four years' imprisonment for each count.  Appellant received 780 days of presentence credit.

¶6            Appellant timely appealed in May 2018, and this court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1).

**ANALYSIS**

¶7            We review Appellant's convictions and sentences for fundamental error.  *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Many of the issues raised by Appellant are bare assertions and directly contradicted by the evidence in the record.  Therefore, we do not address every issue, but instead focus on the arguments supported by citations to the record and legal authority.

     I.     *Issues Raised in Appellant's Supplemental Brief*

     A.     *Grand Jury*

¶8            Appellant argues the trial court erred by not allowing him to challenge the grand jury indictment.  Specifically, he alleges that his co-defendant's counsel used all the time allotted for presenting argument on the indictment, and his counsel did not have a chance to offer his own challenge.

¶9            The record confirms the indictment issued in November 2015. Appellant was arrested pursuant to a warrant in April 2016 and entered a not guilty plea at his arraignment.  Appellant was represented by a public defender at his arraignment but subsequently retained private counsel.  In May 2016, Appellant's newly-acquired counsel moved to extend the time to challenge the grand jury proceedings.  The court denied the motion, finding it untimely under Arizona Rule of Criminal Procedure ("Rule") 12.9.

¶10            This court has held a defendant may not challenge on appeal a pretrial probable cause determination that had no effect on the subsequent trial.  *State v. Walton*, 133 Ariz. 282, 288 (App. 1982).  Instead, to challenge the sufficiency of a grand jury indictment, "a defendant must seek relief by

way of special action prior to trial." *Id.*; *see also Pool v. Pima Cty.*, 139 Ariz. 98, 100, 102 (1984). Appellant's counsel did not file a special action petition concerning the court's denial of the motion, and Appellant cannot now challenge the propriety of the grand jury indictment in this appeal.

### B.    Rule 8 Speedy Trial

**¶11**    Appellant argues the court prevented him from having a speedy trial in violation of his Sixth Amendment rights and Rule 8. He asserts that the court unnecessarily delayed his trial by rejoining his case with that of another defendant after the two cases had already been severed.[1] The record reflects the trial was originally set for July 20, 2016, but did not begin until February 7, 2018.

**¶12**    Rule 8.5(b) allows a court to "continue trial only on a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Each time a court continues a trial, "[t]he court must state specific reasons for continuing trial." *Id.* Here, the record confirms that the court continued the trial several times at the request of the various parties including Appellant, who requested a continuance on at least four different occasions.

**¶13**    After granting each continuance, the court appropriately excluded the relevant time periods from Appellant's time in custody computation in accordance with Rule 8.4(a)(5). The court had the discretion to continue the trial in "the interests of justice" and each time the court explained on the record its reasoning for doing so. *See* Ariz. R. Crim. P. 8.5(b). We find no abuse of the court's discretion and similarly find no violation of Appellant's right to a speedy trial.

**¶14**    The court originally severed Appellant's case to preserve his speedy trial rights under Rule 8. After the severance, however, Appellant obtained  new counsel, and he requested a continuance to allow new counsel to review the case. The continuance was granted, and the court subsequently set Appellant's trial for the same date as the other defendant. After finding out the trials were scheduled on the same day, the State then filed a motion to rejoin the cases so that time and resources would not be wasted trying them separately. Appellant opposed the motion, but the court granted the motion. On this record, the court did not abuse its

---

[1]    The third defendant's case was severed in 2016 and he was tried separately.

discretion in overruling that objection or otherwise err in rejoining the cases.

### C. Fair and Impartial Trial

**¶15** Appellant asserts the court denied him a fair and impartial trial because (1) the court abused its discretion by not ordering a mistrial when a prospective juror stated during voir dire that she overheard a conversation by Appellant's co-defendant, and (2) the prosecutor continuously engaged in misconduct.

#### 1. Voir Dire

**¶16** Appellant argues that the court abused its discretion by denying a mistrial due to alleged impartiality of the jury pool. During voir dire, the following exchange took place:

> MR. ANDERSON: . . . Does anybody else have something that they think we need to know before we start selecting, that the Judge or I have not discussed? Yes, ma'am, what number are you?
>
> THE JUROR: Number 52. I sort of overheard a conversation between the defendant and one of his family when they were out in the lobby. And I'm kind of wondering whether they would want a white person such as me on their jury after hearing this conversation.
>
> MR. ANDERSON: I don't know if the -- Judge, may we approach?
>
> THE COURT: Let's talk about that privately.

**¶17** Counsel for both defendants and the court then heard from the juror privately, where the juror explained that she overheard Appellant's co-defendant make a comment about the lack of African-Americans in the jury pool. Ultimately, counsel agreed the court should dismiss the juror for cause.

**¶18** A party challenging the impartiality of the jury panel bears the burden of showing that the remarks of a prospective juror during voir dire prejudiced the others. *State v. Reasoner*, 154 Ariz. 377, 384 (App. 1987). In his supplemental brief, Appellant only alleges that the jury pool was "tainted" by the prospective juror's statement. Appellant has not provided,

by citation to the record or otherwise, any "objective indications of jurors' prejudice, [and] we will not presume its existence." *State v. Tison*, 129 Ariz. 526, 535 (1981).

### 2. *Prosecutorial Misconduct*

**¶19** Appellant argues that the prosecutor improperly requested trial continuances in order to "stall" the trial.[2] In addition, Appellant asserts that the trial judge and the prosecutor worked together to prejudice his case.

**¶20** Prosecutorial misconduct "is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial." *Pool*, 139 Ariz. at 108-09.

**¶21** Appellant argues that the prosecutor "like[d] to play last minute tactical games with Appellant and [the] court" to try to delay the trial date, and Appellant asks us to review the November 29, 2016 hearing transcript where the prosecutor requested a continuance to interview Appellant's witnesses. After review of the transcript, it is evident that the court gave the State and both co-defendants an opportunity to be heard, and, in the court's discretion, decided to grant the continuance. Further, the court gave Appellant an opportunity to submit a written motion to sever the case instead of continuing the trial, which he subsequently filed, and the court granted.[3] Appellant has not shown that the prosecutor's actions amounted to any intentional impropriety consistent with the definition of prosecutorial misconduct. Therefore, we find no error.

### II. *No Other Error*

**¶22** In addition to considering Appellant's arguments in his supplemental brief, we have fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300. All the proceedings were conducted in compliance with Appellant's constitutional rights and the Arizona Rules of Criminal Procedure. Appellant was represented by

---

[2] Appellant also alleges additional misconduct by the prosecutor but does not cite to the record, and our independent review of the record finds no support for the allegations.

[3] The defendants were later rejoined and stood trial together.

counsel and present at all critical stages of the proceedings. The court properly instructed the jury on the elements of the charges, the State's burden of proof, and the necessity of a unanimous verdict. The State presented sufficient evidence to allow the jury to convict Appellant, and the twelve-member jury returned unanimous verdicts, which were confirmed by juror polling. Appellant had a chance to speak at sentencing, and the sentences imposed were within the statutory guidelines. *See* A.R.S. § 13-703(C), (G), (J).

**¶23** Upon the filing of this decision, counsel's duty to represent Appellant will end. Counsel need only inform Appellant of the status of the appeal and his future options unless, upon review, counsel finds an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant shall have thirty days from the filing of this decision to proceed with any motion for reconsideration or petition for review.

## CONCLUSION

**¶24** For the foregoing reasons, we affirm Appellant's convictions and sentences.

